# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD JONES, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-194

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Donald Jones, Jr., appeals the sentence imposed following his guilty plea conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and a quantity of cocaine base; possession of 500 grams of cocaine hydrochloride, a quantity of cocaine base, and 100 grams or more of heroin with intent to distribute; and possession of a firearm in furtherance of a drug trafficking offense. For the first time on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30048

appeal, Jones argues that the district court plainly erred by applying the mandatory minimum sentence of 120 months of imprisonment on the drug conspiracy count pursuant to 21 U.S.C. § 841(b)(1)(A). He argues that conspiracy is a specific intent crime that required him to have the intent to conspire to possess with intent to distribute the five kilograms of cocaine hydrochloride necessary to trigger the mandatory minimum rather than have that amount reached through his admissions of actions of his co-conspirators that were foreseeable to him. He notes that the amount of drugs for which he was personally responsible, as set forth in the presentence report, was well short of the amount needed to trigger the mandatory minimum. He acknowledges that his argument is foreclosed by *United States v. Akins*, 746 F.3d 590, 611-13 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 189 (2014), *and cert. denied*, 135 S. Ct. 467 (2014), *and cert. denied*, 135 S. Ct. 707 (2014), and he moves for summary disposition.

As Jones did not raise this issue in the district court, we review it for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Jones must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In *Akins*, 746 F.3d at 607, 611-13, this court held that a jury's findings that the defendant was a member of a drug conspiracy and that the entire conspiracy was responsible for five kilograms of cocaine were sufficient to support the increased statutory minimum sentence even without evidence that the defendant was personally involved with that amount of cocaine. Thus, as Jones concedes, his argument is foreclosed. *See id.* at 611-13.

No. 15-30048

Jones's motion for summary disposition is GRANTED. His alternative motion for an extension of time to file a brief is DENIED.

AFFIRMED.